**CENTER FOR AUTO SAFETY, et al., Plaintiffs,**

v.

**ENVIRONMENTAL PROTECTION AGENCY, et al., Defendants.**

Civ. A. No. 82–2910.

United States District Court, District of Columbia.

March 2, 1983.

Frederic Townsend, Washington, D.C., for plaintiffs.

Rosanne Mayer, Land & Natural Resources Div., Dept. of Justice, Washington, D.C., for defendants.

MEMORANDUM AND ORDER

JACKSON, District Judge.

Plaintiffs are three non-profit public interest consumer groups, a former United States Congressman, and two individual citizens who have brought suit pursuant to Section 304 of the Clean Air Act, 42 U.S.C., § 7604, for an injunction compelling defendants, the Environmental Protection Agency ("EPA" or "Agency") and its administrator, to order the recall and repair of some 695,000 General Motors 1979 Pontiac automobiles. The case is now before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction.

The Clean Air Act (the "Act"), 42 U.S.C., § 7401 *et seq.* (Supp.1981) authorized the EPA to regulate emissions of harmful airborne pollutants discharged by motor vehicles, including nitrogen oxides ("NOx"), *Natural Resources Defense Council v. E.P.A.,* 655 F.2d 318 (D.C.Cir.1981), and required testing of prototype engines, vehicles

just off the assembly line, and automobiles in actual use to assure continuing compliance with the standards. *Chrysler Corporation v. E.P.A.,* 631 F.2d 865 (D.C.Cir.1980), *cert. denied,* 449 U.S. 1021, 101 S.Ct. 589, 66 L.Ed.2d 483 (1981). If the EPA determines that a substantial number of any class of vehicles currently in use fails to meet the standards, the Agency is empowered under Section 207(c)(1) of the Act to require the manufacturer to recall the vehicles and correct the cause of the problem at its own expense. 42 U.S.C., § 7541(c)(1).

In December, 1980, the EPA notified General Motors that it was ordering the recall of certain 1979 GM Pontiacs for their failure to comply with NOx emission standards, giving GM 45 days in which to submit a remedial plan. GM professed to be unable to ascertain the cause of the exhaust problem, and the EPA deemed such repairs as GM proposed to make inadequate. The Agency and GM ultimately did agree to a plan by which, in lieu of a fruitless recall for GM to tinker with the engines, GM would be permitted to "offset" the excess emissions from the 1979 Pontiacs by producing future model year vehicles with even lower NOx emissions than those allowed. 47 Fed.Reg. 38189 (Aug. 30, 1982). Although EPA had never approved such an offset plan before, its calculations indicated that the resulting net air quality benefit would exceed that which could have been obtained by a recall.[1]

Plaintiffs allege jurisdiction in this Court under Section 304(a)(2) of the Clean Air Act ("Section 304") which grants federal district courts jurisdiction over suits against the EPA when "there is alleged a failure to perform any act or duty ... which is not discretionary with the Administrator...." 42 U.S.C., § 7604(a)(2). Plaintiffs contend that EPA's approval of the offset plan was just such an abdication of duty, because recall and repair are mandatory, they say,

under Section 207(c)(1) of the Act as construed by *Chrysler Corp. v. E.P.A., supra.* EPA responds that jurisdiction to review its approval of the plan is vested exclusively in the Court of Appeals by Section 307(b)(1) of the Act ("Section 307") which provides for direct appellate review in the United States Court of Appeals for the District of Columbia of any nationally applicable final action taken by the Administrator under the Act. 42 U.S.C., § 7607(b)(1).

Plaintiffs do not dispute that the EPA's acquiescence in the offset plan was final action within the Court of Appeals' jurisdiction under Section 307.[2] *See Harrison v. PPG Industries,* 446 U.S. 578, 100 S.Ct. 1889, 64 L.Ed.2d 525 (1980); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1976); *Western Oil & Gas Association v. E.P.A.,* 633 F.2d 803 (9th Cir.1980). Rather they urge that there is concurrent jurisdiction to review the Administrator's action (or lack thereof) in the district court and court of appeals; otherwise, they say, Section 304 becomes meaningless.

In *Oljato Chapter of Navajo Tribe v. Train,* 515 F.2d 654 (D.C.Cir.1975), however, petitioners also sought simultaneous review in both the district court and court of appeals of what they alleged to be the EPA's unlawful failure to revise performance standards for coal fired power plants. The Court of Appeals observed that a jurisdictional overlap between Sections 304 and 307 was conceivable in those situations where "the Administrator acts, but in the view of the challengers does not act far enough," 515 F.2d at 661, n. 9, but concluded, notwithstanding, that it had exclusive jurisdiction pursuant to Section 307 whether or not the suit was premised in part on the Administrator's alleged failure to act, reasoning that bifurcated review of essentially identical claims was not favored and that Congress intended the Court of Appeals alone

---

1. The plan also provided that if the future model autos fail to conform to the standards established by the plan, GM must recall those vehicles. It will not be allowed to avail itself of an "offset" plan again.

2. Plaintiffs have, in fact, filed a petition to review the offset plan in the Court of Appeals, *Center for Auto Safety v. Gorsuch,* No. 82–2032 (D.C.Cir. filed Nov. 9, 1982), which is presently pending.

to exercise jurisdiction to ensure a consistent national application of performance standards.[3]

The same considerations lead this Court to conclude that jurisdiction over plaintiffs' claim here is also vested exclusively in the Court of Appeals.[4] The two actions are essentially identical, and duplicative litigation is generally to be avoided because it needlessly expends limited judicial resources while creating the risk of inconsistent decisionmaking. *See generally Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952). There is nothing in the nature of the case to suggest that proceedings in the District Court are prerequisite to full and fair judicial review of the plan.[5] And in light of its earlier consideration of the recall provisions in *Chrysler Corp. v. E.P.A.,* 631 F.2d 865 (D.C.Cir.1980), *cert. denied,* 449 U.S. 1021, 101 S.Ct. 589, 66 L.Ed.2d 483 (1981), as well as its expertise in EPA matters generally, it is evident that the interests of both economy and consistency would be best served if the Court of Appeals—and only the Court of Appeals—now scrutinizes the offset plan.[6] The Court rejects plaintiff's contention that this construction renders Section 304 a nullity. It is still the appropriate vehicle for challenges to the Administrator's "nonfinal or informal refusal to perform a mandatory duty." *Environmental Defense Fund, Inc. v. Costle,* 448 F.Supp. 89, 93 (D.D.C.1978), *aff'd sub nom.,*

*Citizens to Save Spencer County v. E.P.A.,* 600 F.2d 844 (D.C.Cir.1979).

Therefore, it is, this 1st day of March, 1983,

ORDERED, that defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

---

**3.** The Court of Appeals recognized that its determination of "exclusive Section 307 jurisdiction ... necessarily ousts District Court jurisdiction," but went on to note that the District Court lacked jurisdiction to review the Administrator's inaction in any event because there was no non-discretionary duty to revise the performance standards. 515 F.2d at 661–63.

**4.** *Accord City of Seabrook v. Costle,* 659 F.2d 1371 (5th Cir.1981); *Kennecott Copper Corp. v. Costle,* 572 F.2d 1349 (9th Cir.1978); *City of Highland Park v. Train,* 519 F.2d 681 (7th Cir. 1975), *cert. denied,* 424 U.S. 927, 96 S.Ct. 1141, 47 L.Ed.2d 337 (1976); *New England Legal Foundation v. Costle,* 475 F.Supp. 425 (D.Conn. 1979).

**5.** Plaintiffs do not, for example, allege that discovery is necessary because the administrative record is inadequate, *see Deutsche Lufthansa Aktiengesellschaft v. CAB,* 479 F.2d 912, 915–16 (D.C.Cir.1973), or that material issues of fact beyond the competence of the Agency remain in dispute. *City of Rochester v. Bond,* 603 F.2d 927, 938 (D.C.Cir.1979).

**6.** Plaintiffs suggest that a stay is preferable to dismissal before the Court of Appeals actually undertakes to decide the case, but this Court cannot stay what it has now held it has no jurisdiction to entertain at all.