**WESTERN NEBRASKA RESOURCES COUNCIL, Plaintiff,**

v.

**WYOMING FUEL COMPANY, et al., Defendants.**

No. CV 85-L-159.

United States District Court, D. Nebraska.

April 2, 1986.

On Motion For Reconsideration
June 30, 1986.

---

Andrew B. Reid, Broken Plow Law Office, Chadron, Neb., and Frank B. Morrison, Sr., Sun Lakes, Ariz., for plaintiff.

Mark D. McGuire of Crosby, Guenzel, Davis, Kessner & Kuester, Lincoln, Neb., Richard L. Fanyo of Welborn, Dufford, Brown & Tooley, Denver, Colo., Ruth Anne Galter, Asst. Atty. Gen., Lincoln, Neb., Ann C. Hurley, U.S. Dept. of Justice, Land & Natural Resources Div. Environmental Defense Section, Washington, D.C., Sally R.

Johnson, Asst. U.S. Atty., Lincoln, Neb., and Erik Olson, Environmental Protection Agency, Washington, D.C., for defendants.

### MEMORANDUM

URBOM, District Judge.

The plaintiff, Western Nebraska Resources Council (WNRC), brings this action pursuant to numerous statutory and constitutional provisions which variously allege violations of the Safe Drinking Water Act. The defendants move to dismiss for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1).

Upon a jurisdictional challenge, the plaintiff has the burden of establishing jurisdictional facts. *McNutt v. General Motor Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Where a motion to dismiss for lack of subject matter jurisdiction is supported by affidavits, the plaintiff cannot rest upon the mere allegations of the complaint; rather, the response, by affidavit or otherwise, must set forth specific facts showing the court has jurisdiction. *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929–930 (C.A. 6th Cir.1974).

The plaintiff contends that the district court may exercise jurisdiction pursuant to (1) section 1449 of the Safe Drinking Water Act (SDWA), 42 U.S.C. § 300j–8; (2) the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq.; (3) general federal-question jurisdiction, 28 U.S.C. § 1331; (4) the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202; (5) mandamus jurisdiction, 28 U.S.C. § 1361; and (6) the Fifth and Fourteenth Amendments to the United States Constitution. Based upon a review of all the statutory and constitutional provisions raised by the plaintiff, I conclude that none confers upon this court jurisdiction for review.

I. *Background; Statutory Requirements of SDWA, 42 U.S.C. § 300f et seq.*

The SDWA was enacted to prevent endangerment of drinking water sources. 42 U.S.C. § 300f et seq. authorizes the states to take primary responsibility for the management and protection of underground sources of drinking water. Section 300h(a)(1) directs the Administrator of the EPA to promulgate regulations for state underground injection control (UIC) programs. The states are empowered to establish "implementation plans" to achieve the promulgated standards; however, the plans are subject to review by the Administrator. Accordingly, § 300h–1(a) mandates that the Administrator list in the Federal Register each state requiring a UIC program. Pursuant to § 300h–1(b), each listed state, within 270 days of a promulgation of any regulation under § 300h or, if later, within 270 days of its listing, must submit to the Administrator an application for primary enforcement responsibility. The state must show, after reasonable notice and public hearings, that it adopted a UIC program which meets the regulations promulgated by the Administrator. Within 90 days after the state's submission of its application, the Administrator is required, after reasonable opportunity for presentation of views, to approve or disapprove by rule, in whole or in part, the state's UIC program. Section 300h–1(c) authorizes the Administrator to prescribe a UIC program, within 90 days of the due date, for a state which fails to submit a timely application or which has had its program disapproved.

A state with primary enforcement responsibility may propose to the Administrator that an identified aquifer be exempted from regulation. A request for an aquifer exemption is submitted to the Administrator in the form of a UIC program revision. The state designation of an aquifer exemption is subject to the approval of the Administrator after notice and an opportunity for public comment. Likewise, the designation of an exemption included within a submitted UIC application is not final until approved by the Administrator. 42 U.S.C. § 300g–5; 40 C.F.R. § 144.7.

This court has only the jurisdiction that Congress has conferred upon it by statute. *Hempstead County & Nevada County Project v. U.S.E.P.A.*, 700 F.2d

459, 461 (C.A. 8th Cir.1983). The SDWA, 42 U.S.C. § 300j–7 and § 300j–8, divides review jurisdiction between the court of appeals and the district court. The forum designated by Congress is exclusive. *Natural Resources Defense Council, Inc. v. EPA*, 512 F.2d 1351, 1355 (C.A.D.C.1975). Section 300j–7 provides in pertinent part that,

"action of the Administrator in promulgating … any regulation for State underground injection control programs … [or] any other regulation …, issuing any order …, or making any determination under this subchapter may be filed only in the United States court of appeals for the appropriate circuit."

The petition for review must be filed within 45 days of the issuance of the promulgation, order, or determination. Review after the expiration of the 45–day period is permitted, provided the "petition is based solely on grounds arising after the expiration of such period." Significantly, § 300j–7 states that an "[a]ction of the Administrator with respect to which review could have been obtained under this subsection shall not be subject to judicial review in any civil or criminal proceeding for enforcement or in any civil action to enjoin enforcement." Thus, review cognizable in the court of appeals under § 300j–7 precludes jurisdiction in district court. See *Chrysler Corp. v. E.P.A.*, 600 F.2d 904, 912 (C.A.D.C.1979).

Section 300j–8, the "citizen suit" provision, states in relevant part that "… any person may commence a civil action …" against (1) any person allegedly in violation of any requirement prescribed by or under the subchapter or (2) the Administrator for failure to perform "any act or duty under this subchapter which is not discretionary with the Administrator." No petition for review may be commenced prior to sixty days after the plaintiff has given notice of the violation to the alleged violator. Additionally, the "savings clause" provides that, "[n]othing in this section shall restrict any right which any person … may have under any statute or common law to seek enforcement of any requirement prescribed by or

under this subchapter or to seek any other relief."

## II. *Claims Posited Against the Administrator of the Environmental Protection Agency*

■ I am not convinced that the numerous allegations within the plaintiff's complaint constitute a failure to perform a nondiscretionary duty by the Administrator. The plaintiff articulates essentially two claims evincing unlawful inaction on the part of the Administrator necessitating the enforcement procedures of the citizen suit. The Administrator allegedly failed to (1) provide public notice and a comment period in advance of the approval of the state UIC program and (2) protect the Chadron formation's underground sources of drinking water from endangerment.

1. The uncontroverted evidence presented by the defendants establishes that the State of Nebraska was listed as requiring a UIC program on June 19, 1979. On March 4, 1982, an application for a Nebraska UIC program was submitted to the Administrator for the regulation of Classes I, III, IV, and V wells. The proposed program was to be administered by the Nebraska Department of Environmental Control (NDEC). On March 26, 1982, the Administrator published notice of the receipt of the Nebraska application, requested public comments, and scheduled a public hearing on the submitted Nebraska UIC program. A public hearing occurred on April 29, 1982, in Sidney Nebraska. The administrator approved the Nebraska UIC program on June 12, 1984, effective June 26, 1984, after "a careful review of the application" and upon ensuring that the injection wells met the requirements of § 1422 of the SDWA, codified as 42 U.S.C. § 300h–1. Additionally, the Administrator stated that the newly approved state program replaced the existing EPA-administered UIC program which was promulgated May 11, 1984, to comply with the SDWA requirement that a federally administered program be promulgated in the event a state administered program is not approved

"within a certain time." The Administrator further noted that the approval, in large part, simply approved as a federal UIC program the state regulations and requirements presently in effect under Nebraska state law. Defendant's Exhibit # 2, filing # 4. The EPA approval was codified in 40 C.F.R. § 147.1401.

The plaintiff contends that the Nebraska UIC program that was submitted to the Administrator on March 4, 1982, was "expressly denied" upon the EPA is implementing of a federally administered UIC program on May 11, 1984. Thus, the plaintiff argues that the application ultimately approved by the Administrator on June 12, 1984, was promulgated without a hearing or comment period as no additional application was submitted. Brief in Consolidated Response to Defendants' Motion to Dismiss at 4. The plaintiff misapprehends the action of the Administrator in this regard. According to the uncontested evidence presented by the defendants, the institution of the federally administered program merely fulfilled the Administrator's statutory obligation to promulgate a program where a state administered program is not approved "within a certain time." Defendant's Exhibit # 2. The Administrator did not disapprove the UIC program; rather, the Administrator expressly left that determination in abeyance.

The plaintiff's claim that the Administrator, in violation of § 300h–1(b), approved the Nebraska UIC program without "any public notice, without any opportunity to comment, and without any public hearing, or even personal notice to WNRC of the action," Brief at 21, and consequently that this court processes the jurisdiction to "order the mandatory notice and public hearing on agency regulations where none were originally had," *Id.* at 19, is off the mark. The plaintiff advances no statutory or regulatory authority which indicates that the promulgation of a federally administered UIC program vitiates the previous submission of a state UIC program. Moreover, whether the Administrator's explicit reservation of judgment on the state application was an inappropriate determination is a matter to be addressed to the court of appeals.

Since the evidence before me indicates that a commentary period and a hearing were conducted prior to the promulgation of the Nebraska UIC program, I conclude that the plaintiff is essentially challenging the overall adequacy of the Administrator's action in the pre-promulgation notice and hearing period. This finding is supported by the following allegations of the plaintiff:

First, the plaintiff essentially challenges the timeliness of the procedure followed in the claim that the Administrator "failed to approve the Nebraska UIC program application within 90 days of the submission of the application." Complaint ¶ 29. However, the program was ultimately approved and the delay in promulgating the Nebraska regulation is an "action" of the Administrator.

It appears that the plaintiff is also implicitly arguing that the Administrator was under a duty to provide an additional opportunity for public presentation of views after the 90–day period prescribed by § 300h–1 elapsed. Complaint, ¶ 49–¶ 51. However, the plaintiff failed to offer a statute or regulation under the SDWA which requires more than one opportunity for presentation of views. Thus, the plaintiff is required to petition for review in the court of appeals.

Second, the plaintiff contends, without offering affirmative evidence, that "[b]etween April 29, 1982, and June 12, 1984, the Nebraska ECC amended and otherwise changaed [sic] several substantive provisions of the Nebraska UIC program so that the UIC program ultimately approved by the Administrator was substantively different from that submitted in the application or subject to presentation of views and to the public hearing on April 29, 1982 ... [thus,] [t]he Administrator failed to provide notice and an opportunity for a reasonable presentation of views or for a public hearing...." Complaint ¶ 30. This claim necessarily involves a review of the content of the Nebraska UIC program and the suffi-

ciency of the notice. Both issues are properly addressed by the court of appeals.

Third, the plaintiff argues that "[t]he holding of the only public hearing on the Nebraska UIC program application in Sidney, Nebraska, over 100 miles from the area of primary citizen concern and impact, was an effective denial of a public hearing." Complaint, ¶ 28. Again, the issue is the adequacy of the hearing and not whether the Administrator failed to act.

■ The citizen suit provision requires a failure on the part of the Administrator to perform a mandatory act. Thus far the plaintiff has challenged the adequacy or manner in which the Administrator performed his duties. Such claims are not amenable to suit under 42 U.S.C. § 300j-8. See *Sun Enterprises, LTD. v. Train*, 532 F.2d 280, 288 (C.A. 2nd Cir.1976). The proper judicial forum for review of the foregoing allegations is the court of appeals. Section 300j-7 provides the court of appeals with the exclusive jurisdiction to review the "action of the Administrator." Each claim contested a determination of the Administrator in promulgating the Nebraska UIC program.

The Eighth Circuit Court of Appeals concluded in *Union Electric Co. v. EPA*, 515 F.2d 206, 214 (1975), *aff'd*, 427 U.S. 246, 96 S.Ct. 2518, 49 L.Ed.2d 474 that review of the Administrator's "action" in approving a state implementation program under the Clean Air Act, which has a provision sufficiently similar to § 300j-7, is (1) limited to the court of appeals and (2) limited in scope. The relevant concerns of the Court are:

"... 'whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment' ... [and] whether the Administrator's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

It is not within the jurisdiction of this court to determine whether the Administrator's approval of the Nebraska UIC program, given the procedure followed in the prepromulgation comment and hearing period, is an abuse of discretion. The Administrator found that the "state administered program meets all applicable federal requirements" and the Administrator expressly found that § 1422 of the SDWA was satisfied. Defendant's Exhibit # 2, filing # 4. I am persuaded that review of the Administrator's express determination that the promulgation of the Nebraska UIC program satisfied the requirements of § 1422 of the SDWA, 42 U.S.C. § 300h-1 et seq., is exclusively within the purview of the court of appeals. It would be an unsatisfactory result if the otherwise exclusive mode of review under 42 U.S.C. § 300j-7 could be circumvented by an action in district court.

2. The plaintiff's second contention concerns whether the "Administrator failed to prevent the endangerment of Chadron formation aquifer by WFC." Complaint, ¶ 46. The court gleans three specific objections advanced by the plaintiff in support of this general allegation.

■ The uncontested evidence presented by the defendant establishes that on March 28, 1984, the NDEC submitted a program revision to the Administrator which included an exemption for a portion of the Chadron aquifer. On May 21, 1984, the Administrator published notice of the submitted program revision and announced a public hearing in the Federal Register. In addition, notice of the hearing was published in newspapers in Crawford, Chadron, and Alliance, Nebraska and was mailed to all known interested parties. On June 21, 1984, the EPA held a hearing in Crawford, Nebraska. The Administrator approved the revision of the state program "[a]fter carefully reviewing and considering the record of [the] hearing, the public comments ... [and] all evidence and written arguments submitted to the State...." Defendant's Exhibit # 5, filing # 4.

First, the plaintiff argues that the approved Nebraska UIC program was in violation of the SDWA because the "program provided for the exemption of all or parts of aquifer classified under the Act as underground sources of drinking water."

Complaint ¶ 37, ¶ 53. The plaintiff is essentially challenging the incusion of an aquifer exemption provision within the approved Nebraska UIC program. Such a challenge ultimately requires a review of 42 U.S.C. § 300g–5 and the regulations established by the Administrator, 40 C.F.R. § 144–§ 146, which authorize exemptions in state UIC programs. The court of appeals has exclusive review jurisdiction of a challenge to regulations promulgated by the Administrator.

Second, the plaintiff alleges that the Administrator failed to designate the Chadron formation aquifer as an underground source of drinking water in the approved Nebraska UIC program. Complaint ¶ 36, ¶ 54, ¶ 59. Since the Administrator has no mandatory duty to do so under 40 C.F.R. § 144.7 or any other SDWA provision and the challenge necessarily involves a review of the actions of the Administrator in promulgating the Nebraska UIC program, this court lacks subject matter jurisdiction over the claim.

The foregoing allegations intrinsically challenge the promulgation of the Nebraska UIC program rather than the Administrator's approval of the Nebraska UIC program revision which included a partial exemption for the Chadron aquifer. A review of the latter approval is, in effect, a review of the grant of an exemption as the grant is conditioned upon the final approval of the Administrator. The court is mindful of the broad jurisdictional basis provided to the district courts under 42 U.S.C. § 300j–7(b). "to review ... the granting of, or the refusing to grant, a[n] ... exemption under section ... 300g–5." Nevertheless, the plaintiff has advanced no claim cognizable under this provision and has not asserted it as a basis for jurisdiction.

■ Third, the plaintiff alleges a duty on the part of the Administrator to notify a state of noncompliance with the SDWA. Such a duty arises, assuming the language "shall notify" mandates that the Administrator give notice, where the Administrator "finds" a person in violation of an underground injection control requirement.

Upon such a finding, the Administrator "may" compel enforcement in a civil action. A "finding" of noncompliance, as well as the decision to bring suit, is within the discretion of the Administrator. The plaintiff does not contend that the Administrator made a finding that a person was in violation of the SDWA nor that a statutory provision imposes a nondiscretionary duty to make a finding whenever a violation is alleged. Thus, section 300j–8 confers no jurisdiction over this claim. *City of Seabrook v. Costle,* 659 F.2d 1371, 1374 (C.A.5th Cir.1981).

### III. *Claims Against the Director of the Nebraska Department of Environmental Control*

■ The plaintiff alleges that the Director of the Nebraska Department of Environmental Control is in violation of the SDWA. The Director argues that this suit, as it applies to him, is barred by the Eleventh Amendment to the United States Constitution. However, the Eleventh Amendment does not preclude an action seeking prospective injunctive relief against state officials for violations of federal law. See *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 102–05, 104 S.Ct. 900, 909–11, 79 L.Ed.2d 67 (1984). Since the Eleventh Amendment does not bar the claim for injunctive relief against the Director, the court must next determine whether subject matter jurisdiction exists.

■ First, the plaintiff alleges, without support of affidavits, that the state of Nebraska failed to provide notice and a public hearing prior to submission of the UIC program application. I assume the plaintiff advances this claim because of its presumption that an additional state UIC application with its attendant comment and hearing period was required subsequent to the Administrator's promulgation of a federally administered program. The merits of that contention have previously been disposed of. The undisputed evidence offered by the defendants reveals that the Administrator found that notice and a hear-

ing took place. Defendant's Exhibit #2, filing #4.

Second, the plaintiff contends that the Director of the NDEC violated the SDWA by his failure "to act in a manner to prevent the endangerment of the Chadron Formation aquifer by WFC." Complaint, ¶ 47, ¶ 58.

Specifically, the plaintiff argues that the NDEC was required to reduce its preliminary approval of 3,000 acre area exemption to 6.7 acre area to conform with the Administrator's ultimate determination. Complaint, ¶ 41, ¶ 61. The plaintiff provides no statutory authority requiring such an action by the Administrator and upon a careful review of the applicable SDWA legislation, statutes, and regulations, I find no such duty. The NDEC is provided with the permissive authority to identify an aquifer for exemption. 40 C.F.R. § 144.7. However, the state designation is a proposal which, by its very nature, does not require a revocation to render it ineffective. Moreover, contrary to the plaintiff's allegation that "[t]he EPA denied approval of the exemption of the remainder of the 3,000 acres designateds [sic] by tahe [sic] DEC Director," Complaint, ¶ 40, the Administrator actually concluded that "[a]ction on the remaining portion is placed in abeyance until more data is available...." Defendant's Exhibit #5.

The plaintiff contends that the "approval of the DEC Director of the WFC permit for the WFC in situ uranium pilot plant *was without proper authority* in that no properly EPA-approved state UIC program existed and, in the alternative, no proper exemption of the Chadron Formation aquifer had been designated and approved...." (emphasis added). Complaint, ¶ 65. This court finds the former allegation without merit. An approved Nebraska UIC program was in existence at the time the NDEC approved and issued a UIC permit to WFC on February 21, 1985. The latter assertion contends that the NDEC authority to approve a permit is conditioned upon a valid exemption. Neither 42 U.S.C. § 300h, 40 C.F.R. Parts 144 and 145, nor

any other provision of the SDWA prescribes such a requirement. Thus, the claim is not cognizable under the citizens suit provision.

Lastly, the plaintiff alleges that the SDWA was violated by the "failure and refusal of the State defendants to revoke or otherwise limit the DEC Director's aparoval [sic] of the 80 acre WFC in situ uranium pilot plant in view of the 6.7 acre exemption limit of the EPA ..." Complaint, ¶ 66, ¶ 43. Again, the plaintiff fails to advance a statutory provision under the SDWA which requires a permit issued by the state to correspond to the area exempted by the Administrator. Therefore, the claim is not amenable to suit under § 300j-8.

### IV. *Applicability of NEPA as a Basis for Jurisdiction*

██ The plaintiff maintains that the National Environmental Policy Act (NEPA) provides this court with an independent basis of jurisdiction. Assuming arguendo that the EPA is subject to the NEPA requirements, the failure of the Administrator to perform an environmental impact statement or environmental assessment prior to approving the Nebraska UIC program application and subsequent revision, Complaint, ¶ 63, is an issue properly addressed to the court of appeals. *Getty Oil Co. v. Ruckelshaus*, 467 F.2d 349, 359 (C.A. 3rd Cir.1972), *cert. denied*, 409 U.S. 1125, 93 S.Ct. 937, 35 L.Ed.2d 256. See *State of Wyoming v. Hathaway*, 525 F.2d 66, 71–72 (C.A. 10th Cir.1975) *cert. denied*, 426 U.S. 906, 96 S.Ct. 2226, 48 L.Ed.2d 830.

### V. *The Effect of the "Savings Clause" of 42 U.S.C. § 300j-8*

██ The plaintiff argues that the savings clause of the citizen suit provision authorizes the district court to enforce remedies available independent of the SDWA. However, the requirements for § 300j-8 must be satisfied to provide the district court with review jurisdiction where the statutes advanced do not grant an independent basis for subject matter jurisdiction.

■ The APA does not constitute an independent basis for jurisdiction. See *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). The applicability of the Act is expressly qualified by the following relevant conditions. Pursuant to 5 U.S.C. § 704 there may be no other "adequate remedy in a court ..." and under 5 U.S.C. § 701 there may not exist any "statutes [which] preclude judicial review." The SDWA establishes an adequate procedure for judicial review and the prescribed statutory procedure controls.

■ Likewise, the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202, does not confer jurisdiction on the court. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950). Federal question jurisdiction does not extend the subject matter jurisdiction of the federal court. *Caldwell v. Gurley Refining Co.*, 533 F.Supp. 252, 257 (E.D.Ark.1982) *aff'd*, 755 F.2d 645 (C.A. 8th Cir.1985). A writ of mandamus is issued to compel a federal officer, employee, or agency to perform a nondiscretionary duty owed the plaintiff. The plaintiff failed to establish a duty owed; thus, this court lacks jurisdiction under 28 U.S.C. § 1361.

### VI. *Whether Due Process of the Fifth and Fourteenth Amendment was Offended*

■ The plaintiff's claim that the "due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution," Complaint, ¶ 49–¶ 51, were violated by the manner in which the notice and hearing were conducted is not compelling. The plaintiff is apparently arguing that the exclusive jurisdiction of the court of appeals is inapplicable where the constitutionality of the procedure is challenged. However, the adequacy of the procedure followed in the promulgation of the UIC program was preclusively designated for review by the court of appeals and the constitutionality of the procedure is necessarily a component of that purview. See *Lloyd A.*

*Fry Roofing Co. v. United States EPA*, 554 F.2d 885, 892 (C.A. 8th Cir.1977).

### VII. *Pendant Jurisdiction*

■ Since the allowance of pendant claims is discretionary and the federal claims against the state defendant have been disposed of the pendant state law claims raised by the plaintiff against the state defendant, Brief at 4, 30, do not survive. The United States Supreme Court concluded in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), that "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."

### VIII. *Complaint Against Western Fuel Company*

The plaintiff failed to advance any prescribed statutory or regulatory provisions under the SDWA which WFC violated. Thus, the defendant is not amenable to suit under the citizen suit provision.

### IX. *Transferability of the Suit to the Eighth Circuit Court of Appeals*

The plaintiff petitions this court to transfer the case to the court of appeals pursuant to 28 U.S.C. § 1631. Brief at 23 n. 8, 30. The Eighth Circuit previously determined in *Hempstead County & Nevada County Project v. U.S.E.P.A.*, supra, at 462, that § 1631 grants federal courts general transfer power to cure a want of jurisdiction. The Court applied the following analysis:

"First, the court where the action is originally filed must find that there is a want of jurisdiction; second, the court must determine if it is in the interest of justice; and third, that court shall then transfer the action to any such court in which the action could have been brought at the time it was filed."

■ The factor of concern to this court is whether the petition could have been brought in the court of appeals at the

time it was filed with the district court. Section 300j–7 authorizes review by the court of appeals provided the petition is filed within 45 days of the contested action. Most of the plaintiff's claims which are cognizable in the court of appeals stem from the promulgation of the Nebraska UIC program, which was ultimately approved on June 12, 1984. In regard to these claims the plaintiff's complaint was filed out of time for review by the court of appeals. However, the plaintiff's claim that an environmental impact statement or environmental assessment was required prior to the Administrator's approval of the Nebraska UIC program revision is subject to transfer. The Administrator's approval was promulgated for judicial review purposes on February 21, 1985. Defendant's Exhibit # 5, filing # 1.

IT THEREFORE IS ORDERED that the defendants' motions to dismiss, filing # 4, filing # 12, and filing # 18, are granted in all respects.

## ON MOTION FOR RECONSIDERATION

The plaintiff has petitioned this court for reconsideration of the Order of Dismissal and Transfer in *Western Nebraska Resources Council v. Wyoming Fuel Company*, 641 F.Supp. 128 (D.Neb.1986). The plaintiff alleges that this court improperly treated the defendants' motion to dismiss as a 12(b)(1) motion for lack of subject matter jurisdiction, rather than a 12(b)(6) motion for failure to state a claim. Consequently, the plaintiff objects to this court's consideration of materials outside the complaint.

 Once subject matter jurisdiction is challenged, the plaintiff has the burden of establishing that jurisdiction exists. The plaintiff must validate the jurisdictional facts by competent proof or risk dismissal. *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir.1969). It is within the discretion of the court to determine how to proceed on jurisdictional questions, and the court "may consider materials outside the pleadings such as depositions or affidavits in determining whether the record demonstrates

lack of subject matter jurisdiction." *Satz v. ITT Financial Corp.*, 619 F.2d 738, 742 (8th Cir.1980). The plaintiff in this case presented no evidence in support of the allegation that this court had subject matter jurisdiction; rather, the plaintiff rested on the bare pleadings.

 Subject matter jurisdiction may be facially or factually challenged. Where a 12(b)(1) motion attacks the facial insufficiency of the complaint, the court must consider the allegations of the plaintiff's pleadings as true. Thus, the protections afforded the plaintiff are similar to the procedural safeguards of a 12(b)(6) motion. *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 731 (11th Cir.1982); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). However, such protections are not present where the court reviews the existence of subject matter jurisdiction in fact.

> "The factual attack ... differs greatly for here the trial court may proceed as it never could under 12(b)(6) or [Rule] 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is a substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir.1977), quoted in *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). In its resolution of the factual dispute, the trial court may consider extrinsic evidence without converting the proceeding to a summary judgment. *Adams v. Bain*, supra, at 1219.

However, where the jurisdictional issues are intertwined with the substantive merits the proper practice for the court is to assume that jurisdiction exists and proceed to determine the merits of the claim. *Williamson v. Tucker,* supra, at 415; See *Zunamon v. Brown,* supra, at 886. The court, in effect, treats the 12(b)(1) motion as a 12(b)(6) motion.

Generally, the "question of jurisdiction and the merits of an action will be considered intertwined where ... 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.,* 711 F.2d 138, 139 (9th Cir. 1983).

This court recognizes the judicial consensus that challenges to subject matter jurisdiction which require the court to determine the merits of the case be disposed under a 12(b)(6) standard. Nevertheless, the circumstances of this case weighed heavily in favor of evaluating the existence of subject matter jurisdiction at the outset. This court looked not only to the Federal Register entries attached to the defendant's motion to dismiss, but to the plaintiff's pleadings as well. The internal inconsistencies and the admissions made by the plaintiff fated the resolution of the case. Therefore, it was the content of the complaint, not materials outside the complaint, which determined the outcome of this case.

Section 42 U.S.C. § 300j–8, the "citizen suit provision," of the Safe Drinking Water Act (SDWA), expressly limits the review jurisdiction of the district court to actions against (1) any person allegedly in violation of any requirement prescribed by or under the subchapter or (2) the Administrator for failure to perform "any act or duty under this subchapter which is not discretionary with the Administrator." Here, unlike the cases presented by the plaintiff in support of treating the defendant's motion to dismiss as a 12(b)(6) motion, Congress has explicitly divided review jurisdiction between the court of appeals and the district court. The types of issues raised determines the forum and the forum designated is exclusive.

1. Claims Posited Against the Administrator of the Environmental Protection Agency

The plaintiff essentially argued that the Administrator failed to (1) provide public notice and a comment period prior to the approval of the state underground injection control (UIC) program and (2) protect the Chadron formation's underground sources of drinking water from endangerment.

1) The plaintiff in his *Brief In Consolidated Response To Defendants' Motions To Dismiss And In Support Of Plaintiff's Motion For Partial Summary Judgment,* at 19, urged this court to:

"[O]rder the mandatory notice and public hearing on agency regulations where none were originally had. Once a proper hearing has been conducted and a record created for review, this court would no longer have jurisdiction over either the content of the regulations or the manner in which the notice was given and the hearing conducted."

In determining whether notice, a commentary period, and a hearing actually occurred, this court relied not only on the Defendant's Exhibit # 2, filing # 4, but the admission of such by the plaintiff:

"On March 4, 1982, the state of Nebraska submitted its UIC program application to the Administrator. 47 F.R. 13011. Sections 300h(b)(2) and (4) of the SDWA require the Administrator to either approve or disapprove a state UIC program application within 90 days, and after reasonable opportunity for presentation of views and for a public hearing. On March 26, 1982, the EPA published notice of its receipt of the Nebraska application, requested public comments and scheduled a public hearing which was held in Sidney, Nebraska, on April 29, 1982. *47 F.R. 13011."* (emphasis added).

Complaint, ¶ 27.

Moreover, this court previously determined that the plaintiff misapprehended

the workings of § 300j–8. The majority of the plaintiff's claims essentially challenged the adequacy or manner in which the Administrator made various determinations concerning the Nebraska UIC program, rather than advancing any unlawful failures of the Administrator to act. This court finds, then and now, that such contentions are beyond the jurisdiction of the district court and are properly reviewable by the court of appeals. Ironically, the plaintiff stated in its *Brief,* at 15, that:

"In exercising its jurisdiction, the district courts simply cannot judge the wisdom of the regulation itself (its content) or the manner in which it was promulgated (i.e., the sufficiency of notice, hearings, etc. which were actually held, rather than whether notice was given or a hearing was held *at all*—the first concern discretionary actions which create a record for review while the latter concern non-discretionary actions which have by definition no record)." (emphasis added).

2) In determining whether the Administrator failed to prevent the endangerment of the Chadron aquifer, the bulk of the plaintiff's allegations required this court to review various provisions of the SDWA, the regulations established by the Administrator, or actions of the Administrator in promulgating the Nebraska UIC program. Congress explicitly denied this court jurisdiction to entertain such claims.

However, the plaintiff's primary objection concerned whether or not notice, a hearing, and commentary period were provided in advance of the submission of a program revision to the Administrator. This court relied not only on Defendant's Exhibit # 5, filing # 4, but the plaintiff's citation to the same Federal Register entry to establish that the statutorily prescribed procedure took place. The plaintiff admitted that the Nebraska Department of Environmental Control (NDEC) submitted a program revision to the Administrator on March 28, 1984, which included an exemption for the Chadron aquifer. Complaint, ¶ 34. Moreover, the plaintiff alleged that:

"On February 7, 1985, effective March 11, 1985, the acting EPA Regional Administrator approved the exemption of only 6.7 acres.... The EPA denied approval of the exemption of the remainder of the 3,000 acres.... *50 F.R. 5253.*" (emphasis added).

Complaint, ¶ 40.

 The court relied on the entry, 50 F.R. 5253, in the determination that the Administrator published notice of the submitted program revision in the Federal Register; published notice of the hearing in the Federal Register and in the newspapers of Crawford, Chadron, and Alliance, Nebraska; mailed notices to all known interested parties; and held a hearing in Crawford, Nebraska.

This court is of the strong opinion that the plaintiff is bound by the content of its pleadings and may not, on a motion to reconsider, feign surprise at the court's use of evidence which the plaintiff admitted or referenced in its complaint. It is important to note that the plaintiff unequivocally relied on a Federal Register entry to establish activities of the Administrator and now challenges the ability of this court to review the designated entry. The plaintiff utilized the Federal Register as conclusive proof of the information it contained and still does not dispute the validity of its contents. The plaintiff referenced the court to specific Federal Register entries; consequently, the plaintiff may not restrict the court's review to only those chosen excerpts.

This court is also mindful that in the plaintiff's *Brief,* supra, at 37, the plaintiff not only argued that no factual disputes existed but that:

"On [the] question concerning a Nebraska UIC program, the *indisputable proof* of each specific fact lies either in Federal Register publications of which this Court can notice or it lies in the fact that no record of such performance exists (the lack of performance obviously creates no record of performance)." (emphasis added)

The plaintiff listed various "facts" and stated that "[t]he specific facts required to be shown to be beyond dispute and which are essential for this claim are listed below together with the citation to the proof of each fact." The "citation to the proof" is a corresponding Federal Register entry, the irony of which is not lost on this court.

The plaintiff also erroneously contends that rulings by this court prevented it from further discovery in this case. The record reveals that this court entered an order which stayed the obligation of the defendants to respond to the plaintiff's motion for partial summary judgment, Filing #34, and that Magistrate Piester stayed further scheduling of proceedings until this court ruled on the pending motions to dismiss, Filing #20 and #37. These court orders did not preclude the plaintiff from conducting discovery, much less preclude the plaintiff from presenting evidence to this court in support of its assertion that the court had subject matter jurisdiction.

2. Claims Posited Against the Director of the Nebraska Department of Environmental Control

The basic claim against the Director of the Nebraska Department of Environmental Control was that the state of Nebraska failed to provide notice and a hearing prior to submission of UIC program application. This claim was previously negated by the plaintiff's admission that a notice, commentary period, and hearing took place.

3. Claims Posited Against Western Fuel Company

Western Fuel Company was properly dismissed from the action because the plaintiff's claim rested on a successful showing that "[t]he Administrator has failed to act in a manner to prevent the endangerment of the Chadron Formation aquifer by WFC." Complaint, ¶ 46. WFC was granted a UIC permit by NDEC to operate a *in situ* uranium mining project. Since the wisdom and effect of this grant is not a cognizable claim in this forum, this court

has no basis to find WFC in violation of the SDWA.

IT THEREFORE IS ORDERED that the plaintiff's motion for reconsideration, Filing #48, is denied.