# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 00-20517
Summary Calendar

_____

RONALD X. GORDON,

                                                        Plaintiff-Appellant,

versus

JOHN BRADDOCK; ET AL.,

                                                        Defendants,

JOHN BRADDOCK,                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-156
_____

May 28, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Ronald X. Gordon appeals the district court's dismissal for lack of subject-matter jurisdiction of his petition for a writ of mandamus directing United States Attorney John Braddock to prosecute the officers of Texas First Bank - Texas City ("Texas First Bank"). Gordon has also filed several motions that are presently pending before this court.

Under 28 U.S.C. § 1361, a federal district court is vested with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Jurisdiction is conferred only when the defendant officer, employee, or agency owes a specific duty to the plaintiff that is "clear,

_____

        [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ministerial, and non-discretionary." <u>Kirkland Masonry, Inc. v. Comm'r of Internal Revenue</u>, 614 F.2d 532, 534 (5th Cir. 1980) (internal citation omitted).

The branches of government charged with the investigation of violations of the law and with enforcement of the law have traditionally been afforded broad discretion in carrying out those duties. <u>City of Seabrook v. Costle</u>, 659 F.2d 1371, 1374 (5th Cir. Unit A Oct. 1981). Law enforcement decisions by United States Attorneys on when, where, and how to investigate, and whether to prosecute, fall within the ambit of their discretionary powers. <u>See</u> <u>Sutton v. United States</u>, 819 F.2d 1289, 1293 (5th Cir. 1987).

Gordon has failed to point to any authority supporting his assertion that Braddock is duty-bound to prosecute Texas First Bank. Accordingly, the district court's judgment is AFFIRMED and Gordon's pending motions are DENIED AS MOOT.