**HARMON COVE CONDOMINIUM ASSOCIATION, INC., Appellant,**

v.

**John O. MARSH, Secretary of the Army, Hartz Mountain Industries, Inc., and Hartz Mountain Associates, Appellees.**

No. 86–5547.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 6, 1987.

Decided April 9, 1987.

F. Henry Habicht, Asst. Atty. Gen., Stephen L. Samuels, David P. Shilton, Sarah P. Robinson, Attorneys Land and Natural Resources Div., Dept. of Justice, Washington, D.C., Thomas W. Greelish, U.S. Atty., Vincent E. Gentile, Asst. U.S. Atty., Newark, N.J., for appellee Marsh; Russell Petit, U.S. Army Corps of Engineers, Washington, D.C., of counsel.

Reginald F. Hopkinson, Patrick X. Amoresano, Jeffer, Hartman, Hopkinson, Vogel, Coomber and Peiffer, Hawthorne, N.J., for appellees Hartz Mountain Industries, Inc., and Hartz Mountain Associates.

Terrence Dwyer, Brian N. Lokker, Williams, Caliri, Miller & Otley, P.C., Wayne, N.J., for appellant.

Before SEITZ, SLOVITER and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Appellant Harmon Cove I Condominium Association, Inc. (the Association) appeals from the final order of the district court dismissing its action against John O. Marsh, Secretary of the Army (the Secretary), Hartz Mountain Industries, Inc. (HMI), and Hartz Mountain Associates (HMA). We have jurisdiction under 28 U.S.C. § 1291 (1982).

### I.

In April 1974, HMI requested a permit to dredge and fill portions of the Hackensack River, in order to build the Harmon Cove condominium complex in Secaucus, New Jersey. The Secretary, acting through the U.S. Army Corps of Engineers (Corps), is authorized to grant such permission under Section 10 of the Rivers and Harbors Act of 1899 (RHA), 33 U.S.C. § 403 (1982), and Section 404 of the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. § 1344 (1982).

On September 30, 1975 the Secretary issued Permit No. 9444, authorizing HMI to dredge and fill portions of the River in accordance with certain stipulated terms. The permit requires HMI to "maintain the structure or work authorized herein in good condition and in accordance with the plans and drawings attached." A Special Condition of the permit provides that HMI is not relieved "from taking all proper steps to insure the integrity of the structure permitted herein and the safety of boats moored thereto from damage by

wave wash [from passing vessels]." In addition, a Special Condition provides that "when the work authorized herein includes periodic maintenance dredging, it may be performed under the permit for 10 years from the date of issuance of the permit." The permit was effective until September 30, 1985. HMI proceeded to build the condominium complex.

On September 30, 1985 the Association filed this action. The complaint alleges HMI has delegated some of its duties under the permit to HMA. It then alleges that, despite the conditions of the permit, both HMI and HMA failed to maintain the marina area in good condition and in accordance with the plans approved by the Corps. It also alleges that HMI and HMA failed to prevent damage to the piers and embankments from wave wash and failed to perform periodic maintenance dredging. The failures of HMI and HMA are alleged to have resulted in damage to the marina and other structures comprising the condominium complex and to have created a potential for danger to condominium residents and other persons. Finally, the complaint alleges that the Association on several occasions had requested the Secretary to require HMA and HMI to comply with the conditions of the permit, but that the Secretary had taken no action.

At a hearing on the defendants' motions to dismiss, the district court stated that "there is no jurisdiction under the FWPCA for mandamus," and that, even "assuming there [is] subject matter jurisdiction, it is inappropriate to grant [mandamus] here because what we have here is not a ministerial act, but a discretionary act in the nature of a decision of whether ... to prosecute." By order entered on June 5, 1986 the district court dismissed the Association's claims. This appeal followed.

## II.

The first count of the complaint requested the issuance of a writ of mandamus under 28 U.S.C. § 1361 (1982)[1] to compel the Secretary to enforce the conditions of the permit. The Association contends that the district court erred in dismissing its request. Our review of this issue is plenary.

The Secretary makes two basic arguments in support of the district court's order dismissing the Association's mandamus petition: (1) the FWPCA precludes actions against him under Section 1361, and (2) in any event, mandamus is not available because the Secretary owes no non-discretionary duty to the Association. We shall assume without deciding that the FWPCA does not bar the Association's claim under Section 1361, and turn to the Association's contention that it is entitled to relief under that Section.

The Supreme Court has stated that relief is available to a plaintiff under Section 1361 "only if he has exhausted all other avenues of relief and only if the defendant owes him a clear, nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984). This court has explained further that

> [i]n order for mandamus to issue, a plaintiff must allege that an officer of the Government owes him a legal duty which is a specific, plain ministerial act "devoid of the exercise of judgment or discretion." An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt.

*Richardson v. United States,* 465 F.2d 844, 849 (3rd Cir.1972) (en banc) (citations omitted), *rev. on other grounds,* 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974); *See also Naporano Metal and Iron Co. v. Secretary of Labor,* 529 F.2d 537, 542 (3rd Cir.1976).

In *Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985) the Supreme Court stated that agency decisions whether to take enforcement action are generally committed to agency discretion. *Id.* at 831–32, 105 S.Ct. at 1655–56. For this reason, the Court concluded such decisions are presumptively immune from judicial review under the Administrative Proce-

1. Section 1361 provides:
   The district courts shall have original jurisdiction of any action in the nature of mandamus to

compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

dure Act. *Id.* at 832, 105 S.Ct. at 1656. The Court noted that the presumption "may be rebutted where the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers." *Id.* at 833, 105 S.Ct. at 1656 (footnote omitted).

The Association argues that the *Chaney* principle that enforcement decisions are committed to agency discretion does not apply in this case. It contends that enforcement decisions of the type discussed in *Chaney* "were already made when the Secretary issued Permit No. 9444," that "[t]he types of assessments discussed in [*Chaney*] ... are not implicated in the present case at this stage," and that "[t]he Secretary now has an obligation to act consistently with [the previously-made enforcement] determinations...." We must reject the Association's argument. There is no support for the Association's contention that enforcement decisions regarding Permit No. 9444 were made when the Secretary issued it. In addition, the Secretary's decision whether to compel compliance with the conditions of the permit is a classic example of the enforcement decisions described in *Chaney*.

In evaluating the Association's claim that it is entitled to mandamus relief, following *Chaney*, we commence with the proposition that the Secretary's decision whether to enforce compliance with the conditions of Permit No. 9444 is presumptively unreviewable. The Association can rebut that presumption only by showing that pertinent sections of RHA or FWPCA provide guidelines for the Corps to follow in exercising its enforcement powers.[2]

The Association first contends that the permit itself imposes a duty on the Secretary to enforce compliance with its conditions. Even if a permit such as Permit No. 9444 could impose such a duty on the Secretary, nothing in the language of Permit No. 9444 limits the Secretary's discretion. Accordingly, Permit No. 9444 does not by its terms impose a duty on the Secretary to enforce compliance with its conditions, much less provide guidelines.

The Association next argues that Section 10 of the RHA, 33 U.S.C. § 403,[3] imposes a duty on the Secretary to enforce compliance with the conditions of the permit. This provision, however, does not restrict the Secretary's enforcement discretion in any way. For this reason, we conclude that Section 10 of the RHA does not impose a duty on the Secretary to enforce compliance with the provisions of the permit.

The Association then contends that Section 404 of the FWPCA imposes a duty on the Secretary to enforce compliance with the conditions of the permit. Section 404 provides, in relevant part:

> Whenever on the basis of any information available to him the Secretary finds that any person is in violation of any condition or limitation set forth in a permit issued by the Secretary under this section, the Secretary shall issue an order requiring such person to comply with such condition or limitation, or the Secretary shall bring a civil action in accordance with paragraph (3) of this subsection.

This section does not limit the Secretary's discretion to enforce compliance with

---

2. This case does not require us to consider whether regulations can provide the guidelines necessary to impose an enforceable duty on the Secretary. *See Chaney,* 470 U.S. at 836, 105 S.Ct. at 1658.

3. Section 10 provides:

The creation of any obstruction not affirmatively authorized by Congress, to the navigable capacity of any of the waters of the United States is prohibited; and it shall not be lawful to build or commence the building of any wharf, pier, dolphin, boom, weir, breakwater, bulkhead, jetty, or other structures in any port, roadstead, haven, harbor, canal, navigable river, or other water of the United States, outside estab-

lished harbor lines, or where no harbor lines have been established, except on plans recommended by the Chief of Engineers and authorized by the Secretary of the Army; and it shall not be lawful to excavate or fill, or in any manner to alter or modify the course, location, condition, or capacity of, any port, roadstead, haven, harbor, canal, lake, harbor of refuge, or inclosure within the limits of any breakwater, or of the channel of any navigable water of the United States, unless the work has been recommended by the Chief of Engineers and authorized by the Secretary of the Army prior to beginning the same.

the conditions of the permit in the instant circumstances. The statute imposes no duty on the Secretary to make a finding of violation, because it contains no guidelines for the Secretary to follow in choosing to initiate enforcement activity.[4] Thus, no mandamus remedy is available to the Association.[5] *Cf. City of Seabrook v. Costle*, 659 F.2d 1371, 1375 (5th Cir.1981) (construing virtually identical language of Section 113(a) of the Clean Air Act, 42 U.S.C. § 7413, and concluding that EPA Administrator does not have a nondiscretionary duty to make a finding regarding every alleged violation of a state implementation plan).

■ The Association also asserts that the Secretary did not have unlimited discretion in determining the content of the permit issued to HMI. Therefore, the Association argues, "[t]he limitations on the Secretary's discretion that guide the content of the permit when it is issued must logically extend to the Secretary's duty to enforce the specifications and conditions of the permit once it has been issued." Assuming the soundness of the premise, the Association fails to explain how its conclusion inexorably follows. Because the Association offers no support for its argument, and because the argument ignores the teachings of *Chaney*, and the statutory language, we must reject it.

The Association argues finally that "it would be anomolous to suggest that the Secretary has no duty to ensure that [permit] guidelines are complied with after a permit has been issued." The short answer is that in the absence of some guidelines binding the Secretary's enforcement decisions, this court is bound by the Supreme Court's ruling that such determinations are left to the Secretary's discretion.

■ Because we discern no guidelines for the Secretary to follow in deciding whether to find violations of permits, we conclude the Secretary's decision is committed exclusively to his discretion. Consequently, the Secretary owed no duty to the Association. For this reason, the Association is not entitled to mandamus relief under Section 1361, and the district court properly dismissed count one of the complaint.[6]

### III.

■ The Association also contends the district court erred in dismissing its claims against HMI and HMA seeking to compel them to comply with the permit requirements and to pay for damages. The Association invoked jurisdiction of the district court under 28 U.S.C. § 1331 (1982).[7] Our review of this issue is also plenary.

The Association argues that it has stated claims against HMI and HMA under the RHA and FWPCA. It is well settled, however, that RHA does not explicitly provide a private cause of action, *California v. Sierra Club*, 451 U.S. 287, 289–90, 101

---

4. We note that the Secretary has promulgated regulations to implement Section 404 of FWPCA. We give substantial deference to the Secretary's interpretation of the statute. *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 566, 100 S.Ct. 790, 797, 63 L.Ed.2d 22 (1980). 33 C.F.R. 326.5 (1986) states that "Reevaluation of a permit to assure compliance with its purposes and conditions will be carried out as provided in 33 C.F.R. 325.7." 33 C.F.R. 325.7 authorizes discretionary Corps action.

5. Because we are not confronted with a situation where the Secretary has made a finding that a permit holder is in violation of a condition of a permit, we need not consider whether mandamus relief would be available to compel the Secretary to issue an order requiring such person to comply with such condition or to bring a civil action against the permit holder.

6. The Association argues that even if the Secretary has complete discretion to decide whether to require compliance with permit conditions, it has still stated a claim for relief under Section 1361 because it is entitled to a determination of whether enforcement action will be taken, as well as the reasons for the decision, and it has yet to receive these. Because the Association does not point to anything requiring the Secretary to so determine, we find no legal basis for requiring him to do so. *See also City of Seabrook*, 659 F.2d at 1374–75.

7. The Association alternatively suggests that the district court entertain these claims on the basis of pendent jurisdiction. Since the mandamus claim was dismissed for failure to state a claim, the district court was justified in not exercising its pendent jurisdiction. *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187 (3d Cir.1976).

S.Ct. 1775, 1777, 68 L.Ed.2d 101 (1981), and that there are no implied private causes of action under Section 10 of RHA. *Id.* at 298. Similarly, the citizens' suit provision of FWPCA, 33 U.S.C. § 1365 (1982), does not authorize an action against HMA or HMI on the facts alleged in this case, and the Supreme Court has held that there are no implied private causes of action under FWPCA. *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 18, 101 S.Ct. 2615, 2625, 69 L.Ed.2d 435 (1981). While the Association contends that *Sierra Club* and *Sea Clammers* do not govern here because those cases did not involve alleged violations of permit conditions, the distinction is not a principled reason for declining to follow the clear teachings of those cases. Accordingly, we conclude that the Association's claims against HMA and HMI were properly dismissed.

#### IV.

For the foregoing reasons, the order of the district court will be affirmed.

Murnaghan, Circuit Judge, filed dissenting opinion, and voted to grant rehearing and rehearing en banc.