**Opinions of the United States Court of Appeals for the Third Circuit**



9-19-2006

# Hernandez v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1982

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hernandez v. Secretary Homeland" (2006). *2006 Decisions.* Paper 440.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/440

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-326                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-1982
_____

HIPOLITO NELSON HERNANDEZ,

Appellant

v.

DEPT. OF HOMELAND SECURITY/IMMIGRATION
AND CUSTOMS ENFORCEMENT DHC/ICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 05-cv-05182)
District Judge:  Honorable Robert B. Kugler
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
August 31, 2006

Before:  SLOVITER, McKEE and FISHER, <u>CIRCUIT JUDGES</u>.

(Filed: September 19, 2006)
_____

OPINION
_____

PER CURIAM

        Hipolito Nelson Hernandez appeals from an order of the United States District

Court for the District of New Jersey, granting the Government's motion to dismiss his

petition for a writ of mandamus.  We agree with the District Court, and will dismiss

Hernandez' appeal for failure to state a claim, pursuant to 28 U.S.C. § 1915(e).

The District Court had jurisdiction pursuant to 28 U.S.C. § 1361, which gives district courts authority to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a court's mandamus decision for abuse of discretion, but we review non-discretionary elements de novo. Stehney v. Perry, 101 F.3d 925, 929 (3d Cir. 1996). We note that "Mandamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Com'n v. O'Leary, 93 F.3d 103, 112 (3d Cir. 1996) (quoting Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987)).

Hernandez is serving a prison sentence at the Federal Correctional Institution at Fort Dix, New Jersey, for a drug conviction. The Immigration and Naturalization Service (which has been succeeded by the Bureau of Immigration and Customs Enforcement) lodged a detainer against him, on the grounds that his drug conviction is an "aggravated felony" that renders him subject to removal from the country. Hernandez asked the Department of Homeland Security ("Department") to find that he was not a removable alien, and to lift the detainer, but the Department refused.

Hernandez then filed a petition for a writ of mandamus, seeking to have the detainer lifted based on the Supreme Court's decision in Leocal v. Ashcroft, 543 U.S. 1 (2004), which held that an alien's conviction for driving under the influence was not a

2

"crime of violence" and was therefore not an aggravated felony. Hernandez argues that his crime was not a crime of violence, either. However, Leocal involved a different section of the definition of "aggravated felony," namely, 8 U.S.C. § 1101(a)(43)(F). As the District Court pointed out, Hernandez' drug conviction would fall under 8 U.S.C. § 1101(a)(43)(B), which does not require the crime to be one involving violence. Thus, his argument that the detainer should be lifted is without merit.

We further agree, for the reasons stated by the District Court, that any collateral consequences flowing from the detainer did not warrant mandamus relief. The appeal will be dismissed.