

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2006

# Franco v. Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2783

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Franco v. Bur Prisons" (2006). *2006 Decisions.* Paper 116.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/116

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2783
_____

CARLOS FRANCO,
Appellant,

v.

BUREAU OF PRISONS (B.O.P.)
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-05077)
District Judge: Honorable Robert B. Kugler
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 2, 2006

Before:  RENDELL, SMITH and COWEN, Circuit Judges

(Filed: December 7, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant, Carlos Franco, appeals from the District Court's dismissal under 28

U.S.C. § 1915(e)(2) of his motion for a writ of mandamus under 28 U.S.C. § 1361

seeking to compel the Bureau of Prisons to transfer him from New Jersey to California.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, reviewing the District

Court's mandamus decision for abuse of discretion, except for any non-discretionary elements, which are subject to de novo review. Stehney v. Perry, 101 F.3d 925, 929 (3d Cir. 1996). We note that "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Com'n v. O'Leary, 93 F.3d 103, 112 n.9 (3d Cir. 1996) (quoting Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987)).

Here, the District Court was clearly correct in dismissing Franco's petition. Prisoners do not have a constitutionally protected liberty interest under the Due Process Clause in either the place of their confinement or in prison transfers. See Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983). Equally meritless is Franco's claim that the Bureau of Prisons transfer policy violates the Equal Protection Clause. The "nearer to release" transfer guidelines that he challenges do not result in aliens as a group being treated differently from other persons. Rather, as the District Court explained, the policy distinguishes between prisoners subject to INS Detainers or other custodial considerations and those who are not. Cf. McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999). The District Court properly applied rational basis review and rejected Franco's Equal Protection challenge.

Because this appeal lacks arguable merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

2