

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# Cruz-Jimenez v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cruz-Jimenez v. Holt" (2008). *2008 Decisions.* Paper 1657.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1657

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3459

_____

RAFAEL DANIEL DE LA CRUZ-JIMENEZ,
                                        Appellant

v.

RONNIE HOLT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 07-cv-1304
(Honorable A. Richard Caputo)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2008

Before:  SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges.

(Filed: January 30, 2008)

_____

OPINION OF THE COURT

_____

PER CURIAM.

        Rafael Daniel De La Cruz-Jimenez appeals from an order of the United States

District Court for the Middle District of Pennsylvania, which dismissed his petition for a

writ of mandamus. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1361, which gives district courts authority to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a court's mandamus decision for abuse of discretion, but we review non-discretionary elements de novo. Stehney v. Perry, 101 F.3d 925, 929 (3d Cir. 1996). We note that "Mandamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Com'n v. O'Leary, 93 F.3d 103, 112 (3d Cir. 1996) (quoting Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987)).

Cruz is serving a prison sentence at the United States Penitentiary, Canaan, for a criminal conviction. The Immigration and Naturalization Service (which has been succeeded by the Bureau of Immigration and Customs Enforcement) lodged a detainer against him, as an investigation had been initiated to determine whether Cruz was subject to removal from the country.[1]

---

[1] On March 1, 2003, the INS's functions were transferred to the Bureau of Immigration and Customs Enforcement ("ICE") and the U.S. Customs and Immigration Service ("USCIS") of the United States Department of Homeland Security. See Knapik v. Ashcroft, 384 F.3d 84, 86 n.2 (3d Cir. 2004).

Cruz, who disputes that a detainer has been lodged against him, filed a "Petition for a Writ of Mandamus or in the alternative, Writ of Prohibition," in the District Court. Although it is not entirely clear, it appears that Cruz believes that the document labeled "Immigration Detainer - Notice of Action," which is attached to his petition (page 18 of 53), is not a detainer, but instead is simply a "notice." His petition further demands that if the prison has a detainer, it must serve him with it. His petition asks, in the alternative, that if the Court finds that the detainer was a "detainer warrant and not a detainer notice," that it construe his petition as a petition for a writ of habeas corpus, and consider his claim that his due process rights were violated because the detainer had been kept "secret."

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court is to dismiss a case at any time, if, as is the case here, it finds that the case fails to state a claim on which relief may be granted.[2] We can discern no legal duty that the prison warden owes Cruz regarding the immigration detainer. The prison provided Cruz with a copy of the detainer; it is attached to his mandamus petition. It may be that Cruz does not believe that the document should be construed as a detainer, but that is not the proper subject of a writ of mandamus. Cruz also appears to claim that the prison owes him a duty under the Privacy Act, allegedly

---

[2] Because the District Court dismissed the petition without a response, we, like the District Court, will not reach the issue of whether Cruz exhausted his administrative remedies. We note, however, based on the documents in the record, that it does not appear that Cruz exhausted administrative remedies, and the petition also could have been dismissed on that basis.

because it failed to maintain an accurate record concerning him. As the Appellee properly argues, the extraordinary relief of mandamus would not be available in this regard, as another remedy would be available, namely, an action under the Privacy Act pursuant to 5 U.S.C. § 552a. Further, we note that the allegations of Cruz's petition do not demonstrate that the prison failed to maintain an accurate record; rather, it appears that his allegations of inaccuracy are based solely on his contention that the document captioned "Immigration Detainer - Notice of Action" is not a detainer.

For the foregoing reasons, we will dismiss the appeal.[3]

---

[3] Cruz does not appear to contest the District Court's alternative holding that to the extent the petition is construed as a habeas petition, it is without merit. If we were to reach the issue, we would agree that the detainer is not sufficient to place Cruz in ICE custody. And, to the extent the petition raises a due process argument based on Cruz's classification within the prison, it also fails, as he does not allege any atypical or significant hardship on the basis of his classification. See Hewitt v. Helms, 459 U.S. 460, 468 (1983); Sandin v. Conner, 515 U.S. 472, 484, 115 (1995).