

Villanova University School of Law
Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2009

# Frederick Banks v. US Atty

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3801

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Frederick Banks v. US Atty" (2009). *2009 Decisions.* Paper 1654.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1654

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-121                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3801; 08-4264 (consolidated)
_____

FREDERICK H. BANKS, Appellant

v.

UNITED STATES ATTORNEY; COUNSELOR JACKSON; BRUCE PEARSON,
Warden; HARLEY LAPPIN; LARRY RANDLE, Director, Federal Bureau of Prisons;
CONSTANCE REESE, Warden; CHAPLAIN HOLSTEN; CHAPLAIN WILLIAMS CO
M. JOHNSON; CO JERRY BARBER; McCUTCHON; SOUTHERLAND; DR.
KATHERYN LAWSON; CHRISTOPHER CURRY; MILDRED GREER; EDEN
WHITE; COUNSELOR GRIFFEN; INMATE ACCOUNTING OFFICER; CAMERON
LINDSEY, Warden; CASE MANAGER MARC RENDA; COUNSELOR ART
ROBERTS; JULIE NICKLIN, Camp Administration; CHAPLAIN FPC CANAAN;
WALTER HARRIS; D. GREEN; DENISE BREWER; PATRICIA STANSBERRY,
Warden; CHAPLAIN ZICKEFOOSE; CHAPLAIN ROBINSON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No.1-08-cv-01394)
District Judge: Honorable Christopher C. Conner

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 26, 2009
Before: SLOVITER, FUENTES AND JORDAN, <u>Circuit</u> <u>Judges</u>

Opinion filed: March 27, 2009

_____

OPINION

_____

PER CURIAM

Appellant, Frederick Banks, is currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi. On July 21, 2008, Banks filed a pro se petition for a writ of mandamus under 28 U.S.C. §§ 1361 and 1651 in the United States District Court for the Middle District of Pennsylvania. In his petition, Banks asked the District Court to issue a writ compelling the United States Attorney to prosecute certain officials at three federal prisons in which he has been incarcerated.[1] (Mandamus Petition, Dkt # 1, at pp. 2-7.) By order entered August 18, 2008, the District Court dismissed the petition pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief could be granted. Banks sought reconsideration, but the District Court denied his request. This consolidated appeal followed.[2]

---

[1]In his petition, Banks alleged that: (1) officials at the Federal Prison Camp at Cannan ("FCP-Cannan") falsely alleged in incident reports that he possessed personal information about the warden; (2) officials at the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner") falsified documents and "concocted other lies" in order to have him transferred from the prison; and (3) officials at the Federal Correctional Institution in Yazoo City ("FCI-Yazoo City") doctored documents in his central file in order to increase his security status. Banks further alleged that officials at FCI-Yazoo City had violated his rights in several other ways, including, for instance, firing him without cause from his law library work assignment, and moving him from his bottom bunk despite certain medical restrictions. Although he names a number of prison officials in his petition, Banks sought only to compel action by the United States Attorney General.

[2]We have jurisdiction over this consolidated appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's order dismissing Banks's mandamus petition is plenary. See Harmon Cove Condominium Ass'n v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987).

2

Upon review, we agree with the District Court that Banks's mandamus petition failed to state a claim upon which relief could be granted. Although a district court may issue a writ of mandamus under 28 U.S.C. § 1361 to compel "an officer or employee of the United States . . . to perform a duty owed to the plaintiff," it may only do so if the duty owed is "a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). As the District Court explained, the Department of Justice's decision to prosecute an individual is purely discretionary; therefore, mandamus could not lie under 28 U.S.C. § 1361 to compel prosecution of Banks's alleged offenders. See, e.g., Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379 (2d Cir. 1973) (stating that "federal courts have traditionally, and, to our knowledge, uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made.")

Banks also appeals from the District Court's order denying reconsideration of its decision. In his motion for reconsideration, Banks argued that the District Court erred "as a matter of law and fact" in denying his mandamus petition because he had a "clear and indisputable right" under 18 U.S.C. § 3332 to compel the U.S. Attorney to "present evidence to a Grand Jury." (Motion for Reconsideration, Dkt # 7, at p. 1.) We disagree. As discussed above, the District Court correctly concluded that mandamus cannot lie to compel the U.S. Attorney to exercise his discretion. Furthermore, to the extent that Banks believes that 18 U.S.C. § 3332 grants him the right to present evidence to a grand jury, he

3

is mistaken. That section describes the powers and duties of a properly empaneled grand jury; it does not enable a private citizen such as Banks to present a case to a grand jury. See 18 U.S.C. § 3332. Thus, because Banks did not provide the District Court with any legitimate basis for reconsideration, that the court acted well within its discretion in denying his motion.

For the foregoing reasons, we conclude that this consolidated appeal does not present a substantial question. Accordingly, we will summarily affirm the District Court's orders.[3] See Third Cir. L.A.R. 27.4 and I.O.P. 10.6.

---

[3]To the extent that Banks asks us to construe his notice of appeal from the District Court's order denying his motion for reconsideration as a petition for a writ of mandamus, his request is denied.

4