NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1925
_____

DERRICK LAKEITH BROWN,
                                                    Appellant

v.

MARY E. D'ANDREA, U.S.D.C., Clerk; COREY WIMMER,
U.S.D.C., Clerk; LYNDA HANNICK, U.S.D.C., Clerk;
U.S.P. LEWISBURG MAIL ROOM CLERKS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 10-cv-00501
(Honorable Richard P. Conaboy)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2010
Before:  SCIRICA, JORDAN and VANASKIE, <u>Circuit Judges</u>.

(Filed: October 4, 2010)
_____

OPINION OF THE COURT
_____

<u>PER CURIAM</u>.

On March 5, 2010, Derrick Lakeith Brown filed a pro se petition for a writ of

mandamus in the District Court.  The petition referred to two civil rights cases that Brown

had initiated in District Court.  <u>See</u> <u>Brown v. Kustoff, et al.</u>, 3:CV-10-200 and <u>Brown v.</u>

Bledsoe, et al., 3:CV-10-2563. The court had dismissed both cases without prejudice in January and February 2010, respectively. In the mandamus petition, Brown stated that he had filed notices of appeal in both cases, and claimed that defendants conspired to obstruct and interfere with his appellate rights. He speculated that their actions were retaliatory and suggested that they had destroyed his appeals. The District Court noted that the docket showed that Brown had indeed filed timely notices of appeal in each case, which were still pending. As such, he could not show that he had "no other adequate means" to obtain the relief desired. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Thus, on March 25, 2010, the District Court denied the petition as meritless. Brown, proceeding pro se, filed a timely appeal.

This Court denied Brown's motion to proceed in forma pauperis ("IFP") in his appeal from the dismissal of his first civil rights case. See C.A. 10-1929. Then, in May 2010, we dismissed the appeal for failure to pay the filing fee. In June 2010, we dismissed Brown's appeal in the second case, for failure to file a motion for imminent danger or to pay the filing fee. C.A. 10-1235. Brown filed a motion to reconsider and a for an extension of time to file the imminent danger motion, which we construed as a motion to re-open the appeal. Brown has not yet filed the imminent danger motion.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's order dismissing a mandamus petition. See Harmon Cove Condominium Ass'n v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987).

Upon review, we agree with the District Court that Brown was not entitled to mandamus relief. Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden, 102 F.3d at 79. A writ is not a substitute for an appeal. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Brown's appeals in his two civil rights cases were pending at the time he filed his petition for mandamus. As such, he cannot demonstrate that he had no other means to obtain the desired relief. Accordingly, we will affirm the District Court's judgment.