CLD-164                                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3645
_____

ARI BAILEY,
                                              Appellant

v.

BRUCE BRANDLER; G. MICHAEL THIEL; JOANNE HOFFMAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-02106)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2018
Before:  CHAGARES, GREENAWAY, Jr., and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 7, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ari Bailey, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. For the reasons that follow, we will affirm the judgment of the District Court.

Bailey seeks a writ of mandamus compelling Bruce Brandler, G. Michael Thiel, and Joanne Hoffman of the United States Attorney's Office for the Middle District of Pennsylvania to investigate, indict, and prosecute sixteen prison employees who he alleges obstructed and stole his mail in violation of 18 U.S.C. §§ 371, 1702, and 1708. The District Court ruled that Bailey did not satisfy the standard for mandamus relief and dismissed his petition. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Harmon Cove Condo. Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987).

The district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. Mandamus relief under § 1361 is available only where a defendant owes a plaintiff a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616 (1984). Mandamus relief is unavailable here because the decision of a United States Attorney to prosecute a person is discretionary. See Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379 (2d Cir. 1973) (affirming dismissal of a complaint in mandamus to compel the United States Attorney to investigate, arrest, and prosecute state officials for committing federal offenses).

2

Bailey contends that the defendants owe him a duty under 28 U.S.C. § 535(b), but this provision requires that information "witnessed, discovered, or received in a department or agency of the executive branch of the Government relating to violations of Federal criminal law involving Government officers and employees" be reported to the Attorney General. The statute does not require an investigation. <u>See</u> 28 U.S.C. § 535(a) (providing the Attorney General "may investigate" such a violation). Section 535(c)(2), also relied upon by Bailey, provides only that this section does not limit the primary authority of the Postmaster General to investigate postal offenses.[1]

Finally, Bailey suggests in a document attached to his notice of appeal that the District Court erred by not affording him leave to amend his mandamus petition, but the rule requiring that leave to amend be granted <u>sua sponte</u> applies in civil rights actions. <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 252 (3d Cir. 2007).

Accordingly, because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.

---

[1]Because Bailey has not shown that the defendants owe him a nondiscretionary duty, we do not consider the District Court's rationale in dismissing the petition.