**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1067
_____

RYAN P. GIVEY,
                                        Appellant

v.

PAMELA BONDI;
KASH PATEL;
DAVID METCALF

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-00943)
District Judge: Honorable Nitza I. Quiñones Alejandro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2026
Before:  MATEY, MONTGOMERY-REEVES, and  NYGAARD, *Circuit Judges*

(Opinion filed: June 11, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dr. Ryan P. Givey appeals the District Court's dismissal of his mandamus petition. We will affirm the District Court's judgment.

Givey filed a petition for a writ of mandamus in the United States District Court for the Eastern District of Pennsylvania. He sought an order compelling the U.S. Attorney General, U.S. Attorney for the Eastern District of Pennsylvania, and FBI Director to accept his criminal complaint against various individuals and review evidence of alleged federal crimes. In the alternative, he requested that the District Court assign a special prosecutor or convene a grand jury to investigate the crimes. He also requested that the District Court place him and his family in witness protection. On the respondents' motion, the District Court dismissed the mandamus petition. Givey timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing Givey's mandamus petition. *See Harmon Cove Condo. Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 n.5 (3d Cir. 2018); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 985 F.3d 122, 127 (1st Cir. 2021). We may affirm the District Court's judgment for any reason supported by the record. *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 116 (3d Cir. 2020).

Givey did not establish his entitlement to mandamus relief. Although a district court may issue a writ of mandamus under 28 U.S.C. § 1361 to compel "an officer or employee of the United States . . . to perform a duty owed to the plaintiff," it may only do so if the duty owed is "a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602,

2

616 (1984). An executive branch official's decision to prosecute an individual is purely discretionary; therefore, mandamus could not lie under § 1361 to compel prosecution. *See United States v. Berrigan*, 482 F.2d 171, 180 & n.14 (3d Cir. 1973); *see also Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2d Cir. 1973) (stating that "federal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made.").[1] Nor could Givey compel his placement into the witness protection program. *See Abbott v. Petrovsky*, 717 F.2d 1191, 1193 (8th Cir. 1983) (per curiam) (explaining that whether a witness will be protected under the Witness Protection Program "is entirely within the Attorney General's discretion"); *see also Garcia v. United States*, 666 F.2d 960, 962 (5th Cir. 1982) ("One cannot receive [witness] protection simply on demand.").

Thus, Givey did not establish his entitlement to the requested writ. *See Stehney v. Perry*, 101 F.3d 925, 934 & n.6 (3d Cir. 1996). We will affirm the District Court's judgment.[2]

---

[1] While Givey has a First Amendment right to petition the Government for redress of grievances, this right does not require the Government to act regarding the relief demanded. *See Rodriguez v. Newsom*, 974 F.3d 998, 1010 (9th Cir. 2020) (citing *Smith v. Ark. State Highway Emps., Loc. 1315*, 441 U.S. 463, 465 (1979)).

[2] Givey's motions to disqualify Judges Porter and Restrepo are denied as moot without prejudice to his submitting a renewed request in the event that he seeks rehearing of this decision.