

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2008

# Vaso v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4164

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Vaso v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1611.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1611

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-67                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4164
_____

BLEDAR VASO

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A76-578-492)
Immigration Judge:  Honorable Donald V. Ferlise

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 29, 2007

Before: McKEE, RENDELL and SMITH, Circuit Judges

(Opinion filed : February 12, 2008 )
_____

OPINION
_____

PER CURIAM

Petitioner, Bledar Vaso, has filed a petition for review from the order of the Board

of Immigration Appeals ("BIA") denying his motion to reopen.  The government has filed

a motion for summary action. For the reasons that follow, we will summarily deny the petition for review in part and dismiss in part. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Only the BIA's October 22, 2007 decision, denying Petitioner's motion to reopen, is properly before this Court. See Nocon v. I.N.S., 789 F.2d 1028, 1032-33 (3d Cir. 1986) (explaining that final deportation orders and orders denying motions to reconsider are independently reviewable and a timely petition for review must be filed with respect to the specific order sought to be reviewed). We review the BIA's denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under the abuse of discretion standard, the BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). We will summarily deny a petition for review if the petition presents no substantial question. See I.O.P. 10.6.

We conclude that the BIA's decision denying Petitioner's motion to reopen as untimely is not arbitrary, irrational, or contrary to law. Petitioner concedes that his motion to reopen is time barred. He argues, however, that the BIA erred by failing to sua sponte reopen his proceedings in light of this Court's decision in Zheng v. Gonzales, 422 F.3d 98 (3d Cir. 2005). We have specifically held that the BIA's failure to sua sponte reopen a decision is not reviewable. Calle-Vujiles v. Ashcroft, 320 F.3d 472 (3d Cir.

2

2003).[1]

For the foregoing reasons, we will grant the government's motion for summary action and summarily deny Petitioner's petition for review to the extent that Petitioner challenges the BIA's decision denying Petitioner's motion to reopen as untimely. To the extent that Petitioner challenges the BIA's failure to sua sponte reopen his proceedings, we will dismiss his petition for review for lack of jurisdiction. See Calle-Vujiles, 320 F.3d 472.

---

[1] Petitioner's case is also distinguishable from Cruz v. Attorney General of the United States, 452 F.3d 240, 250 (3d Cir. 2006), where we questioned whether the BIA could, without explanation or reason, depart from a settled practice and refuse to reopen proceedings. Here, the BIA has not adopted, either explicitly or through practice, a policy of reopening cases that challenge adjustment of status decisions pre-Zheng.