OPINION OF THE COURT
RENDELL, Circuit Judge.
This case raises jurisdictional issues regarding an alien’s ability to challenge, in federal district court, the adjudication of certain immigration applications by U.S. Citizenship and Immigration Services (“USCIS”). Appellant Bledar Vaso filed a complaint in the District Court seeking declaratory judgment, a writ of habeas corpus, and a writ of mandamus. The District Court dismissed the case for lack of subject matter jurisdiction. We will affirm the District Court’s order dismissing the complaint.
I.
Vaso is an Albanian citizen who entered the United States on December 24, 1997 using a fraudulent Italian passport. The Government commenced removal proceedings against him within about a month of his arrival. Vaso conceded removability, but applied for asylum, withholding of removal, and voluntary departure. On December 23, 1998, these applications were denied by an immigration judge. After several years of further proceedings, the Board of Immigration Appeals (“BIA”) ultimately denied his final administrative appeal on February 19, 2003, and then denied two motions to reconsider. Vaso petitioned this court for review of the BIA’s decisions. On February 12, 2008, we denied the petition to the extent that it challenged the denial of one of the motions to reconsider, and dismissed it for lack of jurisdiction to the extent that it raised other claims. Vaso v. Att’y Gen. of the United States, 264 Fed.Appx. 161 (3d Cir.2008). Vaso was allowed to remain at liberty during most of this ten-year period, during which time he married a U.S. citizen and had two children.
After being detained in August 2007 in anticipation of removal, Vaso sought various forms of relief from USCIS in a further attempt to avoid removal. On September 7, 2007, he submitted an Application to Register Permanent Residence or Adjust Status, as provided for by 8 U.S.C. § 1255. USCIS determined that Vaso was inadmissible under 8 U.S.C. §§ 1255(a)(2) and 1182(a)(6)(C)(i) because he had attempted to procure admission into the United States by fraud or willful misrepresentation (i.e., by relying on the fraudulent Italian passport). On December 5, 2007, USCIS issued a Notice of Intent to Deny the application on those grounds. In response, on December 27, 2007, Vaso submitted an Application for Waiver of Grounds of Inadmissibility under § 1182(i)(l) on the ground that his removal would result in hardship to his wife.
On January 24, 2008, both applications were denied. Vaso moved to reopen and to reconsider these denials, but these motions were denied on April 14, 2008.
On December 4, 2007, before USCIS had responded to his application for adjustment of status, Vaso filed a complaint in the District Court. He later amended the complaint twice; the second amended complaint, which was filed on May 14, 2008, is the operative complaint and was the subject of the District Court order dismissing the case.
*399 The complaint alleged that USCIS has a blanket policy of denying applications for adjustment of status submitted by aliens who relied on fraudulent documents to enter the United States, and that USCIS thus did not give meaningful consideration to his applications. It also challenged US-CIS’s delay in processing the applications and failure to interview him in connection with the applications.
The complaint asserted that the District Court had jurisdiction under several provisions of federal law: Article I, section 9 of the U.S. Constitution and 28 U.S.C. § 2241(c), both of which concern the writ of habeas corpus; the Administrative Procedure Act (“APA”), 5 U.S.C. § 701; the Immigration and Nationality Act (“INA”), 8 U.S.C. § 1101 et seq.; and 28 U.S.C. § 1361, which authorizes the issuance of writs of mandamus.
Vaso sought three forms of relief. First, he sought a declaratory judgment that the denials of his applications were unlawful and an order to USCIS that his “adjustment of status application ... be granted based on the prima facie showing of ... the requisite ‘extreme hardship.’ ” App. 63. Second, he sought a writ of mandamus to compel USCIS to adjudicate his applications. Third, he sought a writ of habeas corpus to secure release from custody and an interview regarding his applications.
Although the District Court had initially stayed removal, it lifted that stay on February 13, 2009, shortly before dismissing the case. Vaso was subsequently removed to Albania.
Vaso now appeals. The American Immigration Council filed a brief as amicus curiae on his behalf.
II.
We have jurisdiction over this appeal under 28 U.S.C. § 1291. “We exercise plenary review over the decision to grant [a] motion to dismiss for lack of subject matter jurisdiction.” Marran v. Marran, 376 F.3d 143, 149 (3d Cir.2004). “[Tjhere is a well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action, and we will accordingly find [congressional] intent to preclude such review only if presented with clear and convincing evidence” of such intent. Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 63-64, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993) (internal quotation marks and citations omitted).
III.
In order to conclude that the District Court had jurisdiction over this case, we must determine that (1) it could rely on some affirmative grant of jurisdiction and (2) there was nothing that barred the District Court from exercising jurisdiction. Vaso has not shown that the District Court had jurisdiction over his claims, and has not persuasively rebutted the Government’s argument that 8 U.S.C. § 1252(a)(2)(B) foreclosed any jurisdiction that may have existed.[1]
*400 A.
Although the complaint claimed jurisdiction under the Constitution, 28 U.S.C. § 2241, the APA, the INA, and the mandamus statute, Vaso has offered no argument on appeal to support the District Court’s jurisdiction under any of these provisions. Instead, Vaso directs his argument to two other bases of jurisdiction.
First, Vaso claims that, under the Supreme Court’s decision in United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 266-67, 74 S.Ct. 499, 98 L.Ed. 681 (1954), “federal Courts maintain jurisdiction to review even a discretionary determination in which discretion has been abused or unlawfully exercised.” Appellant’s Opening Br. at 12. This argument misconstrues Accardi. In that case, the Court considered a habeas petition that claimed that the BIA had failed to exercise discretion (as required by its regulations) in making a determination. There was no discussion in Accardi of the district court’s jurisdiction over the habeas petition. Instead, Accardi addressed the limited question of whether the BIA had exercised its discretion appropriately. Thus, contrary to Vaso’s contention, Accardi does not provide a basis for district court jurisdiction over his claims.
Second, Vaso argues that his claims “presented legal questions that were sufficient for the District Court to invoke jurisdiction.” Appellant’s Opening Br. at 14-15. However, he cites no authority, and we have found none, for the proposition that a litigant can invoke a federal court’s jurisdiction merely by raising “legal questions.” To the extent that Vaso means to argue that 8 U.S.C. § 1252(a)(2)(D), by referring to “review of constitutional claims or questions of law,” confers jurisdiction on district courts to review such questions, that argument is without merit. The scope of 8 U.S.C. § 1252(a)(2)(D) is, by its terms, limited to the jurisdiction of the courts of appeals; it does not provide a basis for district courts to exercise jurisdiction, even to review questions of law.
By failing to address the bases of jurisdiction asserted in the complaint, Vaso has waived any arguments that they conferred jurisdiction on the District Court. Yet even if we did not find these arguments waived, we would find that the District Court lacked jurisdiction.
First, the APA did not confer jurisdiction over Vaso’s claims. Vaso invoked the APA to seek an order for his “adjustment of status application to be granted.” App. 63. However, pursuant to 8 U.S.C. § 1255(a), USCIS’s adjudication of an adjustment of status application is “committed to agency discretion,” and is therefore not subject to review under the APA. 5 U.S.C. § 701(a). Second, writs of mandamus are only available to compel “a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion.” Harmon Cove Condominium Ass’n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir.1987) (internal quotation marks and citation omitted). The adjudication of Vaso’s applications was not a ministerial act devoid of the exercise of judgment or discretion, and thus was not relief available through a writ of mandamus. Third, the claims that Vaso grounds in habeas jurisdiction related solely to his detention by the Government, which ended with his removal and no longer support the exercise of jurisdiction. Finally, although the complaint referred to the INA as a basis for jurisdiction, we are aware of no specific provision of the INA that would confer jurisdiction in this case.
*401 B.
Even if there were a proper basis for jurisdiction in this case, 8 U.S.C. § 1252(a)(2)(B) would prevent the District Court from exercising such jurisdiction over Vaso’s claims.
Section 1252(a)(2)(B) provides as follows:
Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, ... and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchap-ter to be in the discretion of the Attorney General or the Secretary of Homeland Security....
We have construed this language to bar review only of discretionary actions. By contrast, “[n]on-discretionary actions ... and purely legal determinations made by the agency ... remain subject to judicial review.” Pinho v. Gonzales, 432 F.3d 193, 204 (3d Cir.2005). For instance, “[d]eter-mination of eligibility for adjustment of status—unlike the granting of adjustment itself—is a purely legal question and does not implicate agency discretion.” Id. Thus, if Vaso were challenging the determination that he is statutorily inadmissible for attempting to procure admission through fraud, review of that determination would not be foreclosed by § 1252(a)(2)(B). The District Court’s comment to the contrary was error. The determination that an alien is statutorily inadmissible is a nondiscretionary, legal determination, for which § 1252 does not foreclose review.
However, Vaso is not challenging this nondiscretionary determination. Instead, he is challenging the Government’s decisions on his applications for a waiver of inadmissibility and adjustment of status. These decisions are discretionary judgments of the Executive, for which the Attorney General is explicitly directed by statute to use his discretion. See 8 U.S.C. §§ 1182(i); 1255(a). As we have indicated, the decision on an application to adjust status, unlike the statutory determination of whether an immigrant is eligible for such an adjustment, is “within the discretion of the agency” and is not subject to judicial review. Pinho, 432 F.3d at 203. The same is true of the decision on a waiver of inadmissibility. By virtue of § 1252(a)(2)(B), neither is subject to judicial review.
Vaso contends that § 1252(a)(2)(B) cannot bar review of his claims because the title of § 1252 is “Judicial review of orders of removal,” and he is not challenging an order of removal. This argument is wholly without merit. As other courts of appeals have held, the title of § 1252 does not limit its scope to removal proceedings, since “ ‘the heading of a section cannot limit the plain meaning of [its] text.’ ” Samirah v. O’Connell, 335 F.3d 545, 548-49 (7th Cir.2003) (quoting Bhd. of R.R. Trainmen v. Balt. & O.R. Co., 331 U.S. 519, 528-29, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947)); see also CDI Info. Servs., Inc. v. Reno, 278 F.3d 616, 620 (6th Cir.2002); Van Dinh v. Reno, 197 F.3d 427, 432 (10th Cir.1999). Moreover, nothing in § 1252(a)(2)(B) contains any language limiting its provisions to orders of removal; § 1252(a)(2)(B)(i) in fact specifically refers to statutes concerning other matters, such as applications for waivers of inadmissibility and adjustments *402 of status. Indeed, we stated explicitly in Jilin Pharmaceutical USA, Inc. v. Chertoff that, “[s]ince the enactment of the REAL ID Act, this jurisdiction-stripping provision applies ‘regardless of whether the [administrative] judgment, decision, or action is made in removal proceedings.’ This amendment ... resolved whether § 1252(a)(2)(B) applied outside the context of removal proceedings.” 447 F.3d 196, 199 n. 5 (3d Cir.2006) (quoting § 1252(a)(2)(B)).
We note, however, that the District Court erred to the extent that it held that § 1252(a)(2)(D) forecloses district court review of constitutional claims. The Government urges that, by granting the courts of appeals jurisdiction to review “constitutional claims or questions of law,” § 1252(a)(2)(D) eliminates district court review of the same claims. Conversely, Vaso argues that § 1252(a)(2)(D) grants jurisdiction to the district courts. We disagree with both propositions. Section 1252(a)(2)(D) unambiguously refers only to the jurisdiction of the courts of appeals. It makes no mention of, and has no effect on, the jurisdiction of the district courts. Moreover, § 1252(a)(2)(D) applies only to petitions for review of final removal orders. Again, Jilin is instructive. After holding that § 1252(a)(2)(B) stripped the district court of jurisdiction to hear the constitutional claims at issue there, we went on to state:
Had these claims been brought in a petition for review of a final order of removal, then the jurisdiction stripped by § 1252(a)(2)(B) to review these constitutional claims would have been restored by recently enacted § 1252(a)(2)(D). Because, however, this is not a petition for review and no final order of removal has been issued, § 1252(a)(2)(D) does not apply.
447 F.3d at 206 n. 16. As was the case in Jilin, Vaso did not bring a petition for review of a final removal order. Thus, § 1252(a)(2)(D) has no bearing on this case.
In light of the above conclusions, we need not reach the Government’s argument that § 1182(i)(2) independently foreclosed jurisdiction in this case.
IV.
For the foregoing reasons, we will affirm the District Court’s order dismissing this case for lack of subject matter jurisdiction.

. The Government, in supplemental briefing submitted shortly before oral argument (when Vaso had little opportunity to respond), argued that the case is moot because Vaso has been removed from the United States, which means that his application for adjustment of status is treated by USCIS as abandoned. See 8 C.F.R. § 245.2(a)(4)(ii)(A). However, as we held under analogous circumstances in Chong v. INS, 264 F.3d 378, 385 (3d Cir.2001), an “order of removal creates sufficient collateral consequences" to avoid mootness by preventing an alien from reentering the United States for several years. Although Vaso is not directly challenging the order of removal, a favorable resolution of his applications for adjustment of status and waiver of inadmissibility would likely have allowed him to avoid the same collateral consequences that we identified in Chong. Under these circum *400 stances, we decline to dispose of this case on mootness grounds.