# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 20, 2010

Lyle W. Cayce
Clerk

No. 09-60267
Summary Calendar

NAWAB MUNIR UL HAQ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A073 419 249

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Nawab Munir-Ul Haq ("Haq"), a citizen and native of Pakistan, petitions this court for review of the Board of Immigration Appeals' (BIA) order denying his motion to reconsider or reopen his removal proceedings (the "first motion") and the BIA's order denying his motion to reconsider the denial of the first motion (the "second motion"). The BIA found that Haq's first motion was untimely and numerically barred and, therefore, denied it. In denying Haq's first motion, the BIA also stated that it would not reopen Haq's removal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceedings *sua sponte*. The BIA denied Haq's second motion based upon its determination that its original ruling was correct and its determination that *sua sponte* reopening was not appropriate.

Haq argues that the BIA erred by denying his first motion. Although Haq argues that the BIA erred, he raises no challenge in his brief to the BIA's determination that his first motion was untimely and numerically barred. Accordingly, we find that he has abandoned any such challenge. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Despite the fact that his first motion was untimely and numerically barred, Haq argues that the BIA should have granted his first motion by using its *sua sponte* authority to reopen his removal proceedings. As Haq concedes, we do not have jurisdiction to review the BIA's refusal to reopen his proceedings *sua sponte*.[1] *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004). Accordingly, his petition for review on this basis must be dismissed.

With respect to the second motion, Haq only argues that the court should remand this case and order the BIA to rule on the second motion. As the BIA has already issued a ruling on that motion, Haq's argument is moot. Haq has not raised any other challenge to the BIA's denial of the second motion. Accordingly, Haq has abandoned any such challenge. *See Soadjede*, 324 F.3d at 833.

PETITIONS FOR REVIEW DENIED in part and DISMISSED in part.

---

[1] Although Haq concedes our lack of jurisdiction, he nevertheless argues that we may review the BIA's reasons for refusing to exercise its *sua sponte* authority, citing *Cruz v. Att'y Gen.*, 452 F.3d 240, 250 (3d Cir. 2006) (questioning whether the BIA could, without explanation or reason, depart from an allegedly settled practice of reopening proceedings when an alien could demonstrate that his "conviction was vacated under" *In re Pickering*, 23 I. & N. Dec. 621, 624 (B.I.A. 2003)). Haq's case is distinguishable from *Cruz*. Haq alleges that he is not subject to deportation because he is entitled to an adjustment of status. Haq does not allege that his deportation order is invalid in light of a vacated conviction, and Haq has not shown that the BIA has a settled practice of reopening proceedings that challenge adjustment of status decisions. Accordingly, we need not decide whether to adopt the reasoning of *Cruz* because, in any event, its holding is inapplicable to this case. *See Vaso v. Att'y Gen.*, 264 F. App'x 161, 162 n.1 (3d Cir. 2008) (unpublished) (distinguishing *Cruz* on a similar basis).